**Robert A. BURNS**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare.**

**Civ. A. No. 3096.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

April 6, 1966.

J. David McNeill, III, Baton Rouge, La., for plaintiff.

Frederick W. Veters, Asst. U. S. Atty., New Orleans, La., for defendant.

**956**

WEST, District Judge:

Plaintiff, Robert A. Burns, applied to the Social Security Administration for the establishment of a period of disability and for disability insurance benefits under Sections 216(i) and 223, respectively, of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423. His application was rejected, and he thereupon requested a hearing before the Hearing Examiner. This hearing was held, and on June 29, 1964, his request for the establishment of a period of disability and for disability insurance benefits was again denied upon the finding that " * * * the claimant has not established that he has impairments, either singularly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity" and that " * * * it is reasonable to believe that the claimant can engage in the type of work the vocational consultant testified at the hearing he could do." His request for a review of the Hearing Examiner's decision by the Appeals Council was denied, and he now appeals to this Court for a review of the Hearing Examiner's decision. After a complete review by this Court of the record of the testimony adduced before the Hearing Examiner, it is concluded that the Hearing Examiner's decision cannot be disturbed.

■■ This matter cannot, of course, be heard *de novo* by this Court. Section 205(g) of the Social Security Act limits the function of this Court in this case to reviewing the "final decision of the Secretary" and "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Thus, the function of this Court is not to hear new evidence, or to place its own interpretation on the evidence previously heard by the Hearing Examiner, but rather to decide only the question of whether or not there was sufficient substantial evidence before the Hearing Examiner to support his findings and conclusions. It is not a question of whether or not this Court, if hearing the matter *de novo*, would come to the same conclusion as did the Hearing Examiner, but rather whether or not the Hearing Examiner's findings and conclusions are supported by substantial evidence. Using this test, I cannot say that the Hearing Examiner erred in his findings and conclusions.

■ Plaintiff apparently suffers from what has been diagnosed as arteriosclerotic heart disease, with the onset of his difficulty occurring in December, 1959. He has been under doctors' care ever since, and contends that he has been completely unable to work since February 18, 1963. The plaintiff was, at the time of his hearing, fifty-three years of age. He has been a salesman all of his working life, and has, since 1938, worked for National Life Insurance Company of Tennessee. He was promoted from agent to staff manager in 1940 and maintained an office in Donaldsonville, Louisiana. As staff manager he had up to nine agents working under him. He not only sold insurance, but also trained and supervised the agents under him.

It is plaintiff's testimony that ever since his initial attack in 1959, he has had recurring chest pains and dizzy spells, and that these became more pronounced and more frequent until February, 1963, when he was forced to quit working. The testimony shows that he has tried, on several occasions, to work both for his company and for his son in the latter's real estate and insurance office, but that he has had to quit because of chest pains and fatigue. He does do such things as mow the lawn, go fishing, drive his car, walk a few blocks to church, etc. The record seems to indicate that plaintiff wants to work but for some reason or other, despite medical testimony to the contrary, feels that he cannot do so.

If the only evidence the Hearing Examiner had before him had been that of the plaintiff, then there could be little doubt but that he could easily have found the plaintiff unable to work. But the Hearing Examiner also had before him the testimony of several doctors. Dr. John

T. Leckert, a specialist in internal medicine, and the doctor who had treated plaintiff since the beginning of his heart ailment, stated on June 10, 1963, that the plaintiff "might be able to carry on a sedentary occupation that did not involve excessive stress." But on April 17, 1964, Dr. Leckert stated that "it would seem that his symptoms can be precipitated by exertion or emotional stress and that they may also occur spontaneously. It would seem that at the present time he is unable to carry on any type of occupation."

An X-ray report of Dr. J. B. Marino, dated February 20, 1963, showed the aortic and cardiac shadows within normal limits and produced no significant findings.

Plaintiff was examined by Dr. Jacob Faust, a specialist in the field of internal medicine, on July 29, 1963. This physical examination revealed no significant abnormalities. It showed that the heart was not enlarged, its rhythm was regular, and there were no murmurs present. Dr. Faust concluded, after studying an electrocardiogram that he had taken, that the "patient is being treated by a competent physician. Although the sedative and anti-depressant medication which he has prescribed indicate that he feels there is a functional element, he has made a diagnosis of arteriosclerotic heart disease after a long period of observation. I would give considerable weight to this fact, but in view of the lack of specific EKG abnormalities and the atypical character of the pain, I am unable to confirm the diagnosis."

While plaintiff was also examined by Dr. P. H. LeBlanc, a general practitioner, this doctor gave no opinion as to plaintiff's ability to work.

The testimony of Dr. Henry B. Harvey, Jr., a specialist in internal medicine, was not in accord with that of Dr. Leckert on the question of plaintiff's ability to work.

He concluded that plaintiff suffers from arteriosclerotic heart disease but that he is capable of working "to a mild to moderate degree, including some walking, lifting up to 20–25 lbs., and minimal climbing." He further stated, "I do not feel that this patient could do strenuous manual labor for a prolonged period of time and should do no prolonged walking, running, or heavy lifting."

Dr. George E. Burch, an extremely eminent internist, said:

"From the objective data available this man should be able to do office work. Why he cannot work in his son's office is not evident from the record. This could reflect the psychiatric state and attitude as well as the cardiac one. He can do things he enjoys, such as fishing, but he seems to dislike a somewhat regimented working day even when it is lighter than fishing. * * * There is no evidence in the record of pulmonary dysfunction which would prohibit him from doing his insurance work."

And, finally, the testimony of O. Randall Braman, Ph.D., Vocational Consultant, was to the effect that, in his opinion, there were not only many types of work that this plaintiff could do, and that such work was available in the community, but that engaging in some type of painful employment would be the finest and most beneficial therapy available.

It was on this record that the Hearing Examiner concluded that the plaintiff had failed to establish that he has impairments, either singularly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity. This Court must conclude that the Hearing Examiner had substantial evidence before him to support this conclusion, and hence the findings and conclusions of the Hearing Examiner must be sustained and plaintiff's case dismissed.